**WONG GET MING, by his next friend Wong Kwock Sang, Plaintiff,**

v.

**John Foster DULLES, Secretary of State of the United States, Defendant.**

**Civ. A. No. 52–1448.**

United States District Court
D. Massachusetts.

April 17, 1958.

James E. Fitzgerald and James J. Mellen, Boston, Mass., for plaintiff.

Edgar Kelley, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[1] in which the plaintiff seeks a declaratory judgment that he is a United States citizen and may enter this country for permanent residence. The plaintiff claims derivative citizenship through Wong Kwok Sang who is alleged to be his father.

Certain facts are not disputed and appear from the files of the Immigration Service. The alleged father is a citizen of the United States and, after he originally entered this country in 1923, he visited China twice, from 1931 to 1935 and from 1946 to 1948.

The chief witness for the plaintiff was Wong Kwok Sang and his testimony, if believed, establishes that he was married to Jew Shee in 1931 on the occasion of his first visit to China and that three sons were born of this marriage before he returned to the United States, and that the second son, Wong Get Ming, is the plaintiff in this action. This testimony is born out by the records of the Immigration Service which indicate that Wong Kwok Sang informed the authorities of his marriage and the birth of three children as early as 1935 when he re-entered this country.

Furthermore, blood type tests admittedly show a remarkable compatibility of blood, and there is a definite facial resemblance of the plaintiff and Wong Kwok Sang as they appear in family photographs.

The government, in its argument that the plaintiff has not met the burden of proving the alleged parental relationship of the plaintiff and Wong Kwok Sang, points to several discrepancies in the latter's testimony. The witness denied any knowledge of the existence of Nam Hing Village to which, according to the files of the Immigration Service, he had taken a sum of money in 1931. This conflict between his testimony at the trial and prior statements was readily dissolved, however, when it appeared that counsel for the United States had mispronounced the name of the Village.

While the witness testified that he sent money to his family periodically, he could produce Railway Express money orders representing transmittals only since 1951, approximately one year before the

1. Now 8 U.S.C.A. § 1503(a).

filing of Wong Get Ming's application for admission. However, I see no reason for disbelieving the witness' explanation that he had destroyed previous papers as he did not realize their possible importance until told by counsel to save subsequent receipts.

On the whole, Wong Kwok Sang gave the appearance of telling the truth. There were no major contradictions in his story, and the minor discrepancies as to detail, no greater than those in the testimony of any witness.

I, therefore, find and rule that Wong Kwok Sang married Jew Shee in 1931, that the plaintiff, Wong Get Ming, was born of that marriage, and that he consequently is a citizen of the United States and entitled to admission to the United States for permanent residence.

Judgment may be entered for the plaintiff.